IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RONNIE D. HUBBARD**   **PLAINTIFF**

**v.**   **Civil Action No. 3:21-CV-340 HTW-LGI**

**TOM VILSACK,**
**SECRETARY OF UNITED STATES**
**DEPARTMENT OF AGRICULTURE**   **DEFENDANTS**

## ORDER

Before this court are two motions. The first is the motion [doc. no. 6] of the *pro se* Plaintiff, Ronnie D. Hubbard, asking that this court grant judgment in his favor and against the Defendant herein, which this court construes as a motion for default judgment. The second motion is a Motion to Dismiss [doc. no.12] filed by Defendant Tom Vilsack, Secretary of the United States Department of Agriculture (hereafter the "Secretary").

This lawsuit is brought by Plaintiff Hubbard alleging that his employer, the United States Department of Agriculture, committed violations against him under Title VII of the Civil Rights Act and 42 U.S.C. §1983. The director of an agency or department, here the Secretary of the Department of Agriculture, is the proper defendant in such a case.

Plaintiff's motion contends that he has served summons on the Secretary, and that the Secretary was required to file an Answer to the Complaint, but did not. Rule 12(a)(2) of the Federal Rules of Civil Procedure provides: "The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States Attorney." Fed. R. Civ. P. 12.

Plaintiff now asks this court for a judgment in his favor due to Defendant Vilsack's failure to file an Answer to the Complaint.  Because Plaintiff is proceeding *pro se*, this court is obligated to liberally construe his pleadings.  Therefore, this court construes his motion as a Motion for Default Judgment against Defendant Vilsack for failure to file a responsive pleading.  Plaintiff , however, is entitled to neither a default judgment, nor any judgment in Plaintiff's favor since the United States has not been properly served.

Plaintiff failed to comply with the provisions of Rule 4(i)[1] of the Federal Rules of Civil Procedure, in that he failed to serve the United States Attorney for the Southern District of Mississippi or other appropriate person within that office, and failed to serve the Attorney

---

[1]
**ule 4. Summons**
. . .
**(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.**
 **(1) United States**. To serve the United States, a party must:
   (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
      (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
   (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
   (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
 **(2)** Agency; Corporation; Officer or Employee Sued in an Official Capacity. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.
**(3)** Officer or Employee Sued Individually. To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).
**(4)** Extending Time. The court must allow a party a reasonable time to cure its failure to:
   (A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or
   (B) serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.
Fed. R. Civ. P. 4(i)

General of the United States at Washington, D.C. with a copy of the Summons and Complaint in this cause. Judgement in favor of Plaintiff is, therefore, not appropriate and is hereby denied.

Next, this court considers the motion of Defendant Vilsack. Secretary Vilsack contends that, in accordance with Rule 4(m)[2] and Rule 12(b)(5)[3] of the Federal Rules of Civil Procedure, Plaintiff's Complaint should be dismissed for failure to properly serve process on Secretary Vilsack in accordance with Rule 4(i).

Under Rule 12(b)(5), "a district court has broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F3d 634, 645(5th Cir. 1994). When service of process is challenged, the plaintiff bears the burden of proving the validity of his service or good cause for failure to effect timely service. *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1305 (5th Cir. 1985).

---

[2] (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period . . . Fed. R. Civ. P. 4

[3] **Rule 12(b) How to Present Defenses**. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion;
(1) lack of subject-matter jurisdiction;
(2) lack of personal jurisdiction;
(3) improper venue;
(4) insufficient process;
*(5) insufficient service of process;*
(6) failure to state a claim upon which relief may be granted: and
(7) failure to join a party under Rule 19.
A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.  If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim.  No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.
Fed. R. Civ. P. 12(emphasis added)..

Under Rule 4(m), the court may dismiss an action for failure to serve a party within the 90-day period. Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for the failure, however, the court must extend the plaintiff's time for service. *Id.* The plaintiff "bears the burden of demonstrating good cause for not complying with the requirements of Rule 4." *Flores,* 51 F.3d 1044, 1995 WL 153205 at *2. "Good cause" under Rule 4(m) requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Gartin v. Par Pharm. Cos., Inc.* 289 F.App'x 688, 692 (5th Cir. 2008)(quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)).

Plaintiff here has not made a showing of good cause for the failure to properly effect service, or even attempted to show good cause.  This court recognizes that Plaintiff is proceeding *pro se.*  Federal Jurisprudence is clear, however, that the *pro se* status of a plaintiff does not constitute good cause and does not excuse failure to properly effect service. *System Sign Supplies v. U.S. Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).  As Defendant Vilsack said in his brief, if good cause does not exist, the court has the discretion to dismiss the case. "Discretion" is the key word here.

Plaintiff has presented evidence that he sent a copy of the summons and complaint by certified mail to Secretary Vilsack. See [Dkt. 6-1].  However, Plaintiff did not serve the United States Attorney for the Southern District of Mississippi or the United States Attorney General.

In his Response [doc. no. 15] to the Secretary's Motion to Dismiss, Hubbard seemingly claims that all parties have been served at this point. *Plaintiff's Response* [doc. no. 15 at p.2]. Such is not the case, however.  Plaintiff's position may be that all parties now have ***notice*** of this lawsuit; but notice is not sufficient.  Even if the government has received notice of this suit, that

4

is insufficient to establish good cause under Rule 4(m). See *Musmeci v. Sullivan,* No. CIV. A. 91-2603, 1992 WL 551250, at *2 (E.D. La. Apr. 21, 1992) ("The fact that the government had actual notice of the suit without being formally served is irrelevant to a finding of good cause when plaintiff fails to properly serve the government."), *aff'd sub nom. McGinnis v. Shalala*, 2 F.3d 548 (5th Cir. 1993).

Plaintiff's failure to attempt service, or to show good cause for his failure to serve process, gives the Court authority to dismiss Plaintiff's case under Rule 4(m). Fed. R. Civ. P. 4(m). Dismissal of an action is an extreme measure, and, in this case, plaintiff's claim might be time-barred if he attempted to refile his lawsuit. This court also does not discern how the defendant, Secretary Vilsack, has been or will be prejudiced by the late service.

This court is persuaded to give plaintiff's counsel the benefit of the doubt here. Rule 4(m) gives this court discretion, in these circumstances, to dismiss the action without prejudice *or* order that service be made within a specified time. This court is persuaded that the latter approach is the more appropriate one under these circumstances. Plaintiff has thirty (30) days within which to serve the defendant or to show cause why this lawsuit should not be dismissed.

Plaintiff, who is proceeding *pro se*, is admonished to comply from this point forward with the Federal Rules of Civil Procedure, including timelines, and the local rules of the United States District Courts of Mississippi, or risk sanctions from this court.

Plaintiff's motion for Judgment in his favor [doc. no. 6] is denied. The defendant's Motion to dismiss for insufficiency of process [doc. no.12] is also denied. Plaintiff Hubbard is allowed 30 days to perfect service or to show cause why this case should not be dismissed.

SO ORDERED AND ADJUDGED, this 30th day of June, 2022.

s/ HENRY T. WINGATE  
UNITED STATES DISTRICT JUDGE